Antonio F. (Tony) **DURAN**, Appellant,

v.

Felix **RODRIGUEZ**, Acting **Warden**, Appellee.

No. 9332.

United States Court of Appeals
Tenth Circuit.

Aug. 21, 1967.

Robert C. McCain, Denver, Colo., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., on the brief), for appellee.

Before LEWIS, HILL and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This appeal is taken from an order of the District Court for the District of New Mexico denying petitioner's application for a writ of habeas corpus. Petitioner is presently serving a state sentence for the crime of murder in the second degree and seeks relief upon allegation that the entry of his plea of guilty to such offense was not understandingly and voluntarily made. During the evidentiary hearing in the court below petitioner testified unequivocally that he was never advised by court or counsel of his right to trial by jury nor as to the potential sentence or other consequences of his entry of plea of guilty. His testimony was not directly refuted although it appears that his original counsel could have been produced by the state as a witness. The court, noting that petitioner had been represented in the state proceedings by retained and able counsel who had participated in a full evidentiary preliminary hearing and had been present when petitioner entered his plea to a reduced charge, found petitioner's testimony to have no credence and held that he had understandingly pleaded.

 Although the undisputed testimony of a highly interested witness may be rejected by the trier of the facts when the probability of the truthfulness of such testimony is negatived by circumstances, we think the proper administration of justice here required the state to produce an available witness whose testimony would have a direct and probably credible bearing upon the impact of petitioner's testimony. The right to relief under the Great Writ should not be left to legal inference when an available and more satisfactory method and degree of proof can easily be produced.

The case is remanded for further proceedings.